Francis M. SAEGER, Trustee of the Saeger Trust, on behalf of himself and all others similarly situated, Plaintiff—Appellant,

v.

PACIFIC LIFE INSURANCE COMPANY, a California Corporation, Defendant—Appellee.

No. 07–55966.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2008.

Filed Dec. 31, 2008.

Michael G. Dawson, Esquire, Law Offices of Herbert Hafif, Claremont, CA, Larry A. Sackey, Esquire, Sackey and Associates, Los Angeles, CA, for Plaintiff–Appellant.

David L. Bacon, Esquire, Nixon Peabody LLP, Los Angeles, CA, for Defendant–Appellee.

Before: NOONAN and SILVERMAN, Circuit Judges, and CONLON,* District Judge.

* The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

MEMORANDUM **

Plaintiff appeals the district court's grant of summary judgment in favor of Defendant in his Rule 10b-5 lawsuit. He also appeals the court's denial, as moot, of his motion for class certification. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir.2004), and its decision to grant summary judgment prior to deciding the motion for class certification for abuse of discretion, *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir.1984), and we affirm.

■ Plaintiff argues that the district court erred in finding no triable issues of fact with respect to any of the elements of securities fraud. *See DSAM Global Value Fund v. Altris Software, Inc.*, 288 F.3d 385, 388 (9th Cir.2002); *see also* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b. We need look no further than the issue of materiality to affirm the district court's ruling. Plaintiff presented no evidence that the description of the federal tax charge was material, even assuming arguendo that the description was imprecise. *See Provenz v. Miller*, 102 F.3d 1478, 1489 (9th Cir.1996).

Summary judgment is appropriate here because the utter lack of materiality is "so obvious that reasonable minds [could] not differ[.]" *Id.* (quotation marks omitted; first alteration in original). Because we affirm on materiality grounds, we do not address the other grounds for the district court's summary judgment ruling.

■ Plaintiff also contends that the district court should have ruled on his motion for class certification before addressing Defendant's motion for summary judgment. We have previously held that, "[u]nder the proper circumstances—where it is more practicable to do so and where the parties will not suffer significant prejudice—the district court has discretion to rule on a motion for summary judgment before it decides the certification issue." *Wright v. Schock*, 742 F.2d 541, 543–44 (9th Cir.1984). Plaintiff does not allege that he was prejudiced by the action.

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.